UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES WON, dba TAPIOCA EXPRESS,<br><br>Plaintiffs,<br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, a foreign company,<br><br>Defendant. | CASE NO. 2:24-cv-00507-RSL<br><br>ORDER DENYING DEFENDANT'S *DAUBERT* MOTION AND MOTION TO STRIKE |

This matter comes before the Court on "Defendant's *Daubert* Motion to Exclude Michael Jack and Strike Untimely Expert Report." Dkt. # 33. Defendant seeks to exclude Mr. Jack's testimony, alleging that the opinions of Mr. Jack that plaintiff disclosed before the discovery cutoff on October 5, 2025 "are irrelevant and unhelpful to the jury in this case." Dkts. # 20, # 33 at 1.[1]

Federal Rule of Evidence 702 provides that expert testimony is admissible if:

> (1) the witness is sufficiently qualified as an expert by knowledge, skill, experience, training, or education; (2) the scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (3) the testimony is based on sufficient facts

---

[1] This matter can be decided on the papers submitted. Defendant's request for a *Daubert* hearing, Dkt. # 33 at 5, is DENIED.

ORDER DENYING DEFENDANT'S DAUBERT MOTION
AND MOTION TO STRIKE - 1

or data; (4) the testimony is the product of reliable principles and methods; and (5) the expert has reliably applied the relevant principles and methods to the facts of the case.

*City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014). As construed in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, Rule 702 tasks a district judge with "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597 (1993). Where an expert offers non-scientific testimony, "reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind" the testimony. *Porter v. Martinez*, 64 F.4th 1112, 1127 (9th Cir. 2023) (quoting *Daubert*, 509 U.S. at 594, and *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F. 3d 998, 1017 (9th Cir. 2004)). The analysis "should be applied with a 'liberal thrust' favoring admission." *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (quoting *Daubert*, 509 U.S. at 588).

> Ultimately, the test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology. The court is a gatekeeper, not a fact finder. Accordingly, the district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury. If the proposed testimony meets the thresholds of relevance and reliability, its proponent is entitled to have the jury decide upon its credibility, rather than the judge. Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. A district court should not make credibility determinations that are reserved for the jury. This Court has previously noted that shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion.

*Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1024 (9th Cir. 2022) (internal quotation marks, citations, and alterations omitted). "Basically, the judge is supposed to screen the

ORDER DENYING DEFENDANT'S DAUBERT MOTION
AND MOTION TO STRIKE - 2

jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969–70 (9th Cir. 2013).

Here, defendant contests only the helpfulness of the opinions of Mr. Jack that were disclosed before the discovery cutoff on October 5, 2025. Dkts. # 20, # 33 at 1. On Aug. 6, 2025, plaintiff disclosed Mr. Jack as a financial expert and shared a report from Mr. Jack dated July 29, 2025. Dkt. # 38 at 3. That report expressed Mr. Jack's opinion concerning the fair market value of plaintiff's business as of the date of the fire that precipitated the insurance claim that is at issue in this action. Dkt. # 39, Ex. 4. Mr. Jack's report presented the fair market valuation—$501,000—as being offered "for the purposes of a calculation of economic damages." *Id*. However, the report did not directly calculate economic damages. *Id*. Therefore, defendant argues, Mr. Jack "is not qualified to render an expert opinion on damages in this matter" because "he did not develop or timely disclose any opinions regarding economic damages in this case." Dkt. # 33 at 4. In addition, defendant contends that because Mr. Jack's fair market valuation of the company is not by itself a measure of damages due to the fire, Mr. Jack's opinion is not helpful. *Id*.

However, on Oct. 8, three days after the discovery cutoff, plaintiff produced a second report from Mr. Jack. Dkt. # 38 at 3. Conceding that the first report "is not a direct calculation of economic damages," the second report offered a net economic damages calculation of $434,700. Dkt. # 39, Ex. 6. A third report from Mr. Jack, dated Oct. 20,

ORDER DENYING DEFENDANT'S DAUBERT MOTION
AND MOTION TO STRIKE - 3

2025, offered a calculation of "the total annual lost income to Mr. Won incurred from the closure of Northwest Tea Station . . . due to a fire in September 2021." Dkt. # 39, Ex. 8.

Defendant's *Daubert* motion argues only that Mr. Jack's first, timely disclosed report is unhelpful. Dkts. # 33, # 40. It does not argue that the opinions of Mr. Jack that were disclosed by plaintiff after the discovery cutoff are unhelpful. *Id*. Instead, defendant argues that these post-discovery-cutoff opinions should be stricken and are essentially an effort by plaintiff to "change the heart of his case without giving State Farm an opportunity to fairly respond." Dkt. # 40 at 4.

> Allowing Won to overhaul his expert's opinions at this late date would require the reopening of discovery and supplemental depositions of Won and Jack at the least. The additional discovery would not only require additional time and a likely trial continuance, but it would require State Farm to incur significant fees and costs to scramble and respond to the new opinions with its experts and counsel.

*Id*. at 4–5. Plaintiff argues that the reports from Mr. Jack that were disclosed post-discovery-cutoff are allowable as supplements under Fed. R. Civ. P. 26(e). Dkt. # 38 at 7–8. In addition, plaintiff argues that even if the reports from Mr. Jack that were disclosed post-discovery-cutoff represent a failure by plaintiff to comply with Fed. R. Civ. P. 26(a), that disclosure violation would be "substantially justified" and "harmless" under Fed. R. Civ. P. 37(c)(1). *Id*. at 8. Further, in plaintiff's response to defendant's motion for summary judgment, plaintiff contends that:

> Mr. Jack's analyses provide damages evidence that State Farm itself would have developed if it had properly adjusted the underlying insurance claim. Under the policy's Loss of Income coverage, State Farm was obligated to evaluate Plaintiff's financial records and determine the amount owed, which

ORDER DENYING DEFENDANT'S DAUBERT MOTION
AND MOTION TO STRIKE - 4

>it failed to do . . . State Farm's total lack of investigation is precisely why Plaintiff brought the present action.

Dkt. # 36 at 10.

Given the totality of the circumstances, the Court will allow the reports from Mr. Jack that were disclosed after the discovery cutoff. Having allowed those reports from Mr. Jack, the Court has no doubt that Mr. Jack's analyses, taken together, are helpful. Thus, the Court will deny defendant's *Daubert* motion and defendant's motion to strike. However, the Court does not accept plaintiff's argument that his post-discovery-cutoff disclosures were timely supplements under Fed. R. Civ. P. 26(e) given that plaintiff has been aware since at least March 2025 that defendant had requested a specific, itemized list of plaintiff's damages. Dkt. # 32, Ex. B at 8–9. Nor does the Court accept plaintiff's argument that his post-discovery-cutoff disclosures were "substantially justified" and "harmless" under Fed. R. Civ. P. 37(c)(1). As defendant points out, plaintiff's initial disclosures did not provide a "computation of each category of damages" as required by Fed. R. Civ. P. 26(a)(1)(A)(iii), nor did plaintiff provide the "itemized list of damages" requested by defendant in defendant's discovery requests. Dkt. # 42 at 2–3. Therefore, the Court is willing to consider a motion by defendant for reasonable expenses, including attorney fees, caused by plaintiff's failure to timely disclose a damages calculation. Fed. R. Civ. P. 37(c)(1)(A). If defendant decides to file the motion, briefing will proceed as described in LCR 7(d)(3). Any motion shall be limited to fees and expenses associated

ORDER DENYING DEFENDANT'S DAUBERT MOTION
AND MOTION TO STRIKE - 5

with defendant's *Daubert* motion (Dkt. # 33), motion for summary judgment (Dkt. # 31), and motions in limine (Dkt. # 44).

Finally, the Court agrees with defendant that allowing plaintiff's post-discovery-cutoff disclosures requires both a trial continuance and the re-opening of discovery. Dkt. # 42 at 4. The Court therefore strikes the current trial date of Feb. 2, 2026, and sets a new trial date of April 6, 2026. The Clerk of Court will issue a new case management order that extends the discovery cutoff by sixty days from the date of this order. This, of course, moots both defendant's motion for summary judgment (Dkt. # 31) and motions in limine (Dkt. # 44).

For all of the forgoing reasons, defendant's "*Daubert* Motion to Exclude Michael Jack and Strike Untimely Expert Report" (Dkt. # 33) is DENIED; the current trial date is stricken; trial in this matter is set for April 6, 2026; and the Clerk of Court is directed to issue a new case management order that extends the discovery cutoff by sixty days from the date of this order. Defendant's motion for summary judgment (Dkt. # 31) and motions in limine (Dkt. # 44) are declared MOOT. The Court is willing to consider a motion by defendant for reasonable expenses, including attorney fees, caused by plaintiff's failure to timely disclose a damages calculation. *See* Fed. R. Civ. P. 37(c)(1)(A). Any motion shall be limited to fees and expenses associated with defendant's *Daubert* motion (Dkt. # 33), motion for summary judgment (Dkt. # 31), and motions in limine (Dkt. # 44).

IT IS SO ORDERED.

ORDER DENYING DEFENDANT'S DAUBERT MOTION
AND MOTION TO STRIKE - 6

Dated this 7th day of January, 2026.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S DAUBERT MOTION
AND MOTION TO STRIKE - 7